## W. W. Huntington, Trustee, v. William G. Metzger.

1. PRACTICE—*Stay of Proceedings Pending Suit in Another State.*—A person recovered a judgment in the Circuit Court of Indiana, and afterward sued upon and recovered a judgment upon the same in the Circuit Court of Cook County, after which the judgment of the Circuit Court of Indiana was reversed by the Supreme Court of that State. Upon a bill to enjoin the collection of the judgment in the Circuit Court of Cook County, *it was held* proper to stay proceedings under the same until the determination of the original suit pending in the Indiana court.

**Bill to Enjoin Collection of a Judgment.**—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Huntington v. Metzger.

Heard in this court at the March term, 1895.  Reversed and remanded with directions.  Opinion filed April 22, 1895.

## STATEMENT OF THE CASE.

A judgment was recovered in favor of the plaintiff in error against the defendant in error, in the Circuit Court of Miami County, in the State of Indiana, on the 4th day of March, 1893, for the sum of $26,128.80.  An appeal was prayed from the Circuit Court of Miami County to the Supreme Court of Indiana.

Before a supersedeas bond was filed, the plaintiff in error, Huntington, procured a transcript of said judgment in Miami county, Indiana, and on April 6, 1893, commenced his suit in the Circuit Court of Cook County, based upon said transcript only, and on the 9th of June, 1893, by virtue of said transcript of judgment from Indiana, procured a judgment against the defendant in error for $26,483.48 and costs.

On the 22d day of June, 1894, the Supreme Court of Indiana decided said original action in favor of the defendant in error, Metzger, and reversed the judgment in the Circuit Court of Miami County.   A petition for rehearing was filed by the plaintiff in error, Huntington, and on December 14, 1894, said Supreme Court of Indiana overruled said motion for rehearing and reaffirmed its judgment of June 22, 1894, and the original judgment rendered in Miami Circuit Court on March 4, 1893, was vacated, annulled, canceled and set aside.

This is a bill in chancery, setting up the foregoing, and praying that the judgment rendered in the Circuit Court of Cook County may be annulled, and the plaintiff in error enjoined from enforcing it.   Service was had upon the plaintiff in error, Huntington, who, by his counsel, filed a demurrer.   The demurrer was overruled, and this is a writ of error sued out, assigning the overruling of said demurrer as error.

There was in the bill in this case no allegation that the suit or controversy upon or concerning which the judgment in Indiana was obtained, had been finally terminated.

BRIEF FOR PLAINTIFF IN ERROR, DEFREES, BRACE & RITTER,
ATTORNEYS.

Equity is not concerned about a judgment which, though irregular, is, in fact, equitable and just. Gifford v. Morrison, 37 Ohio St. 502.

A party seeking to enjoin or annul a judgment has no standing in a court of equity without an allegation of meritorious defense. Ibid., page 506.

He must show that the judgment is wrong, that he did not owe the debt for which it was rendered, or that he has offered to pay it, before he asks the aid of a court of equity. He must do equity as the condition upon which he asks equity. Williams v. Hitzie, 83 Ind. 309.

If a party can say nothing against the justice of a judgment, can give no reason why, in equity, he ought not to pay it, a court of equity will not interfere, but will leave him to contend against it at law in the best way he can. Stokes v. Knarr, 11 Wis. 389; cited and approved in Williams v. Hitzie, 83 Ind. 309; also in Burch v. West, 134 Ill. 258.

Equity can not relieve against the operation of a judgment simply on account of its hardship. It must first of all appear that it would be unjust and against conscience to enforce the judgment. 1 Black on Judgments, Sec. 365.

It must be shown that if a new and fair examination of the merits be had, the result will be other than already reached. Taggert v. Wood, 20 Ia. 236; Sauer v. Kansas, 69 Mo. 46.

Where a court of equity proceeds to enjoin a judgment at law, it does so on equitable considerations only. Hartford Fire Ins. Co. v. Meyer, 46 N. W. Rep. 292.

If a judgment is not inequitable as between the parties, however irregular the proceedings may have been, equity will not prevent its enforcement. 1 Beach on Injunctions, Sec. 673.

Even a judgment fraudulently procured can not be enjoined unless the person against whom it is rendered can

aver and prove that he has a good defense upon the merits. White v. Crow, 110 U. S. 183.

It must appear that on a re-examination and a re-trial of the cause, the result would probably have been different. Hartford Fire Ins. Co. v. Meyer, 46 N. W. Rep. 292.

Equity will not overturn a judgment, valid on its face, unless it is shown an unjust judgment. Harnish v. Bramer, 71 Cal. 155.

L. H. BISBEE, attorney for defendant in error.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The decree rendered by the Circuit Court upon the overruling of the demurrer, was that the judgment be "canceled, vacated, annulled and forever released," and that the clerk of the court enter upon the judgment docket a statement that said judgment has been canceled, annulled and vacated, and that said Huntington be perpetually enjoined from taking any steps toward collecting said judgment.

There is a manifest difference between the case of McJilton v. Love, 13 Ill. 486, in which it appeared that it had been determined by the Supreme Court of the State of Missouri, that the entry of satisfaction on the docket of the judgment should stand, and the present, in which a judgment has been merely set aside, leaving, so far as appears, the suit in which it was entered still pending.

We do not at present express any opinion upon any question in this case, other than that arising from the decree.

Under the circumstance of, so far as appears, the pending of the original suit in Indiana, the most that should be done here would be to stay proceedings under the Illinois judgment until the determination of the Indiana suit, if such there be.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded with directions.